### WRIGHT v. REUSENS et al.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

MECHANICS' LIENS—PAYMENT TO CONTRACTOR—CERTIFICATE OF ARCHITECT.
   Plaintiff contracted to do certain building for defendant, to be paid for in install-
   ments as the work progressed, on certificates of defendant's architect that the work
   was done to his satisfaction.   After a part of the work had been done, the architect
   unreasonably refused to give such certificate, and defendant thereupon discharged
   plaintiff.   *Held*, in an action to foreclose a mechanic's lien for the work done, that
   judgment was properly entered for plaintiff on the report of a referee showing these
   facts.

Appeal from judgment on report of referee.

Action by James R. Wright against Guillaume A. Reusens impleaded with
others.   From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT. JJ.

*Billings & Cardozo,* for appellant.   *Silas J. Owens,* for respondent Wright.
*C. W. Horton,* for respondents Dain and others.

DYKMAN, J.   This is an action to foreclose a mechanic's lien by the plain-
tiff, who was the contractor, and other lienors are made parties to the action.
The cause was tried before a referee, and he reported in favor of the plaintiff,
and the appeal is by the owner from the judgment entered upon his report.
After the plaintiff had performed considerable work under his contract with
the appellant, and had been paid $1,500, he was discharged, and the decision
of this case hinges upon the legality of such discharge, and that again depends
upon the question whether any money was due to the plaintiff under his con-
tract at that time.   The contract provided that the plaintiff should receive

$5,244.50 for the work he undertook to do under it, to be paid in installments, as follows:

| | | | | |
|---|---|---|---|---|
| $1,000 | when certified by the architect. | | | |
| 1,500 | " | " | " | " |
| 1,744 50 | " | " | " | " |
| 1,000 | " | " | " | " |

—On entire completion of contract; $300 if fully completed on December 1, 1888, as per section 8; provided that in each of said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due as aforesaid has been done to his satisfaction. It is to be collected from this portion of the contract, therefore, that the payments were to be made in installments as the work progressed, and became due upon the performance of the work, and the architect was to certify in writing when the work was done upon the performance of which the payment was to become due. The referee has found upon sufficient proof that prior to the 1st day of December, 1888, the plaintiff had performed work in execution of the contract which entitled him to the first two payments under the contract, amounting to $2,500, and that the architect unreasonably and wrongfully refused to give the plaintiff a certificate for such amount; and that the appellant wrongfully and unreasonably refused, during the month of December, 1888, to pay the plaintiff $1,000; and that the appellant wrongfully, and without just cause, discharged the plaintiff on the 7th day of January, 1889, and refused to permit him to complete the performance of his contract. We think those findings are justified, and dispose of the only question involved. The record discloses no error, and the judgment appealed from should be affirmed, with costs. All concur.